```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                              19 CR 212 (VEC)

5   PERRY WELLS,

6                Defendant.                  Plea

7   ------------------------------x

8                                            New York, N.Y.
                                             November 14, 2019
9                                            11:00 a.m.

10  Before:

11
                      HON. VALERIE E. CAPRONI,
12
                                             District Judge
13
                            APPEARANCES
14
    GEOFFREY S. BERMAN
15       United States Attorney for the
         Southern District of New York
16  BY:  LOUIS PELLEGRINO
         ADAM HOBSON
17       Assistant United States Attorneys

18  BRADLEY L. HENRY
         Attorney for Defendant
19

20

21

22

23

24

25
```

1          (Case called)

2          MR. PELLEGRINO:  Good morning, your Honor, Louis

3    Pellegrino for the United States.  With me at counsel table is

4    AUSA Adam Hobson.

5          THE COURT:  Good morning.

6          MR. HENRY:  Good morning, your Honor, Brad Henry for

7    Mr. Wells, who is seated to my right.  He is signing the plea

8    as we speak.

9          THE COURT:  Good morning.

10          Good morning, Mr. Wells.  Go ahead and sign the plea.

11          Mr. Henry, do I understand correctly that your client

12    wishes to plead guilty?

13          MR. HENRY:  That's correct, your Honor.

14          THE COURT:  Mr. Hobson, I ask you to move that way.

15    Thank you.  That's good.

16          Mr. Wells, your attorney has told me that you wish to

17    plead guilty.  Before that can happen, I need to ask some

18    questions to be sure that you're pleading guilty because you

19    are guilty and not for any other reason and that you fully

20    understand the rights that you are giving up and the

21    consequences of your plea.

22          Ms. Caliendo, can you please swear in Mr. Wells.

23          (Defendant sworn)

24          THE DEPUTY CLERK:  Please state your full name for the

25    record and spell your last name.

 1              THE DEFENDANT:  Perry James Wells, W-e-l-l-s.

 2              THE COURT:  Mr. Wells, I am going to ask you to pull

 3      one of those mics so it's in front of you because you speak

 4      fairly softly.

 5              Mr. Wells, you are now under oath.  What that means

 6      is, if you answer any of my questions falsely, the government

 7      can use your answer against you in a prosecution for perjury or

 8      for making a false statement.

 9              Do you understand that?

10              THE DEFENDANT:  Yes.

11              THE COURT:  How old are you?

12              THE DEFENDANT:  Fifty.

13              THE COURT:  How far did you go in school?

14              THE DEFENDANT:  Ninth grade.

15              THE COURT:  Are you able to read and understand

16      English?

17              THE DEFENDANT:  Yes.

18              THE COURT:  Are you now or have you recently been

19      under the care of a doctor or a psychiatrist?

20              THE DEFENDANT:  No.

21              THE COURT:  Have you ever been treated or hospitalized

22      for any mental illness or any type of addiction, including drug

23      or alcohol addiction?

24              THE DEFENDANT:  No.

25              THE COURT:  In the past 24 hours, have you taken any

1    drugs, medicines, or pills, or have you consumed any alcohol?

2             THE DEFENDANT:  Yes.

3             THE COURT:  What have you taken in the last 24 hours?

4             THE DEFENDANT:  Last 24 hours.  I have blood pressure

5    pills.  I had a drink last night.

6             THE COURT:  Did you have a drink last night with

7    dinner or after dinner?

8             THE DEFENDANT:  Yes.

9             THE COURT:  Does your blood pressure medicine affect

10   your ability to perceive what's going on around you?

11            THE DEFENDANT:  Sometimes I get headaches.  That's

12   about it.

13            THE COURT:  How do you feel right now?

14            THE DEFENDANT:  OK.  A little nervous.

15            THE COURT:  That's understandable.

16            Is your mind clear today?

17            THE DEFENDANT:  Yes.

18            THE COURT:  Your attorney has told me that you wish to

19   plead guilty, is that correct?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Have you had an opportunity to discuss

22   this case with your attorney, including the consequences of

23   pleading guilty?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Are you satisfied with Mr. Henry and his

 1   representation of you?

 2           THE DEFENDANT:  Yes.

 3           THE COURT:  Does either attorney have any question

 4   about the defendant's competence to enter a guilty plea at this

 5   time?

 6           MR. PELLEGRINO:  No, your Honor.

 7           MR. HENRY:  No, your Honor.

 8           THE COURT:  On the basis of the defendant's responses

 9   to my questions and my observations of his demeanor, I find

10   that he is fully competent to enter an informed guilty plea at

11   this time.

12           Mr. Wells, before I accept your guilty plea I am going

13   to describe to you the rights that you have that you will be

14   giving up if you plead guilty.  Please listen carefully.  If

15   you don't understand any of my questions or if you just need an

16   opportunity to talk to your attorney, tell me that and I will

17   stop and give you an opportunity to talk to Mr. Henry.  OK?

18           THE DEFENDANT:  Can I talk to him now?

19           THE COURT:  Yes.

20           OK?

21           MR. HENRY:  OK.

22           THE DEFENDANT:  Yes.

23           THE COURT:  You're OK?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Mr. Wells, your attorney has told me that

1    you wish to plead guilty.  You have the right to plead not

2    guilty and to persist in that plea.

3            Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  You have the right to be represented by an

6    attorney at trial and at every other stage of the proceedings.

7    If you cannot afford an attorney, an attorney will be appointed

8    to represent you without cost to you.

9            Do you understand that?

10           THE DEFENDANT:  Yes.

11           THE COURT:  You have the right to a speedy and public

12   trial by a jury on the charges against you which are contained

13   in the indictment.

14           Do you understand that?

15           THE DEFENDANT:  Yes.

16           THE COURT:  If you went to trial, you would be

17   presumed innocent and the government would be required to prove

18   beyond a reasonable doubt that you were guilty.  You would not

19   have to prove that you are innocent at trial.

20           Do you understand that?

21           THE DEFENDANT:  Yes.

22           THE COURT:  If you went to trial, you would have the

23   right to see and hear all of the witnesses and your attorney

24   could cross-examine the witnesses that the government calls.

25           Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  If you went to trial, your attorney could

3   object to the government's evidence.  You would also have the

4   right to present evidence and the right to compel witnesses to

5   come to court to testify in your behalf.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  If you went to trial, you would have the

9   right to testify if you wanted to, but you could not be forced

10  to testify if you did not want to.  If you chose not to

11  testify, I would tell the jury that they could not hold that

12  against you.

13         Do you understand that?

14         THE DEFENDANT:  Yes.

15         THE COURT:  If there were a trial, the jury would be

16  composed of 12 people and all 12 would have to agree that the

17  government has proven you guilty beyond a reasonable doubt

18  before you could be found guilty.

19         Do you understand that?

20         THE DEFENDANT:  Yes.

21         THE COURT:  If you were convicted at trial, you would

22  have the right to appeal the verdict.

23         Do you understand that?

24         THE DEFENDANT:  Yes.

25         THE COURT:  If you plead guilty and I accept your

1    plea, you will be giving up all of the rights that I have just

2    described, except your right to an attorney, and you will be

3    found guilty just based on your plea of guilty.

4           Do you understand that?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Do you understand you can change your mind

7    for any reason and tell me you've changed your mind and you

8    want to go to trial?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Mr. Wells, have you received a copy of the

11   indictment in this case, which is numbered 19 CR 212?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Have you read the indictment?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Have you discussed the indictment with

16   your attorney?

17          THE DEFENDANT:  Yes.

18          THE COURT:  I understand that you are agreeing to

19   plead guilty to a lesser-included charge of Count One, which

20   charges you with conspiring to distribute and possess with

21   intent to distribute cocaine base.

22          Do you understand what you are being charged with?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Mr. Pellegrino, what are the elements of

25   this offense.

 1          MR. PELLEGRINO:  There are two, your Honor:  First,

 2   that two or more persons entered into the unlawful agreement

 3   charged in the indictment; and, second, that the defendant

 4   knowingly and willfully became a member of the conspiracy.

 5   And, in addition, to meet the statutory requirements, the

 6   government would have to demonstrate beyond a reasonable doubt

 7   that the defendant either distributed or possessed with the

 8   intent to distribute 28 grams and more of a substance

 9   containing detectable substances of cocaine base.

10          THE COURT:  Mr. Wells, if you don't plead guilty the

11   government would have to prove all of the elements that

12   Mr. Pellegrino just laid out beyond a reasonable doubt at

13   trial.

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  The maximum possible penalty for the crime

17   that you are offering to plead guilty to is a term of

18   imprisonment of up to 40 years, a mandatory minimum term of

19   imprisonment of five years, a term of supervised release that

20   must be at least four years, but it could be as long as the

21   rest of your life, a fine of $5 million or two times the

22   pecuniary gain from the crime or two times the pecuniary loss

23   from the crime, whichever one of those numbers is the largest,

24   and a mandatory special assessment of $100.

25          Do you understand that?

1           THE DEFENDANT:  Yes.

2           THE COURT:  Supervised release means that you will be

3   subject to monitoring and supervision after you are released

4   from prison.

5           Do you understand that?

6           THE DEFENDANT:  Yes.

7           THE COURT:  There are terms and conditions of

8   supervised release that you have to comply with.  If you don't

9   comply with those terms and conditions, you can be returned to

10  prison without a jury trial.

11          Do you understand that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  If you violate the terms and conditions of

14  supervised release and you are sent back to prison, that new

15  prison term can be for all or part of the term of supervised

16  release.  You will not necessarily get credit for time that you

17  have already served on supervised release.

18          Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If I accept your guilty plea and I adjudge

21  you guilty, that adjudication may deprive you of valuable civil

22  rights, such as the right to vote, the right to hold public

23  office, the right to serve on a jury, the right to possess any

24  type of a firearm, and the right to hold certain professional

25  licenses.

```
 1              Do you understand that?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  Mr. Wells, are you a United States

 4    citizen?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  Where were you born?

 7              THE DEFENDANT:  In New York, Queens.

 8              THE COURT:  Mr. Wells, there are sentencing guidelines

 9    that I am going to have to consider in determining the

10    appropriate sentence in your case.

11              Do you understand that?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Have you talked to your attorney about how

14    the guidelines will apply in this case?

15              THE DEFENDANT:  Yes.

16              THE COURT:  I am going to have to calculate a

17    guideline range and consider that range in determining what

18    your sentence will be.

19              Do you understand that?

20              THE DEFENDANT:  Yes.

21              THE COURT:  But in addition to determining what the

22    guideline range is, I'll also have to consider the sentencing

23    factors that are set forth in federal law.  Federal law

24    requires me to consider a number of other factors about you and

25    about the offense in determining the appropriate sentence in
```

1      your case.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Even after I determine what the guideline

5      range is, these other factors could lead me to a sentence that

6      is either above or below the guideline range.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  If your attorney or anyone else has

10     attempted to estimate or predict what your sentence will be,

11     their estimate or prediction could be wrong.

12             Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  It's perfectly appropriate for you and

15     your attorney to talk about how your sentence will be

16     determined, but nobody can give you any assurance of what your

17     sentence will actually be.  It's my job to determine your

18     sentence, and I can't do that until I have done all the other

19     things that I have just described.

20             Do you understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  So nobody, not even I, can today predict

23     what your sentence will be.

24             Do you understand that?

25             THE DEFENDANT:  Yes.

1      THE COURT:  Mr. Wells, I'm stressing this at some

2  length because it's important for you to understand that if

3  your sentence is different from what anyone has estimated or

4  predicted it will be or what you hope it will be, that will not

5  be a grounds for you to withdraw your guilty plea.

6      Do you understand that?

7      THE DEFENDANT:  Yes.

8      THE COURT:  If you are sentenced to prison, there is

9  no parole and, therefore, you cannot be released early on

10  parole.

11      Do you understand that?

12      THE DEFENDANT:  Yes.

13      THE COURT:  I've been given a copy of the plea

14  agreement which we will mark as Court Exhibit 1.

15      Is that your signature on the plea agreement?

16      THE DEFENDANT:  Yes.

17      THE COURT:  Did you read the agreement before you

18  signed it?

19      THE DEFENDANT:  Yes.

20      THE COURT:  Did you discuss it with your attorney

21  before you signed it?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Are there any agreements, promises, or

24  understandings with the government that are not contained in

25  the plea agreement?

 1            THE DEFENDANT:  No.

 2            THE COURT:  Has anyone threatened you or forced you to

 3    plead guilty?

 4            THE DEFENDANT:  No.

 5            THE COURT:  Other than what's in the plea agreement,

 6    has anyone promised you anything or offered you any inducement

 7    to plead guilty?

 8            THE DEFENDANT:  No.

 9            THE COURT:  Has anyone made a promise to you of what

10    your sentence will be?

11            THE DEFENDANT:  No.

12            THE COURT:  One of the provisions that's in your plea

13    agreement is what's called a waiver of the statute of

14    limitations.  What that waiver means is that if for some reason

15    at some point in the future your plea is withdrawn or your

16    conviction is vacated, the government would be allowed to

17    charge you at that point in time in the future with any crime

18    they could charge you with today, notwithstanding the passage

19    of time.

20            Do you understand that?

21            THE DEFENDANT:  Yes.

22            THE COURT:  The plea agreement also contains an

23    agreement or a stipulation between you and the government

24    regarding the sentencing guidelines calculation that your

25    attorney and the government attorney believe applies in your

1   case.  That's an agreement between you and the government and

2   it's binding on the government and it's binding on you, but it

3   is not binding on me.

4           Do you understand that?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Regardless of what you and the government

7   have agreed to, I am going to make my own guidelines

8   calculation.  99 percent of the time I come up with the same

9   thing that the attorneys have, but it is not always the same.

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Another provision of the plea agreement is

13  that you are waiving your right to appeal your sentence or to

14  collaterally attack your sentence so long as I sentence you

15  within or below the guideline range that the attorneys believe

16  applies in your case.  So in your case that means so long as

17  your sentence is 135 months or less, if your sentence is 135

18  months or less, you are agreeing not to appeal.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Mr. Wells, in order to accept your guilty

22  plea I have to be convinced that you're actually guilty of this

23  crime.

24          Can you tell me what you did that makes you guilty.

25  If you are going to read something, I am going to ask you to

1    read slowly.

2          THE DEFENDANT:  Sometime between October 2016 and

3    March 2019, in the Southern District of New York, I agreed with

4    another person to possess with the intent to distribute cocaine

5    base.  I knew what I was doing was wrong when I did it.

6          THE COURT:  Let's back up.  You said you agreed with

7    another person to possess with intent to distribute cocaine

8    base.  What do you mean by that?  What did you agree to do with

9    the cocaine base, you or the other person?

10         THE DEFENDANT:  I agreed to sell it.

11         THE COURT:  Was there more than 28 grams of cocaine

12   base involved with your agreement?

13         THE DEFENDANT:  Yes.

14         THE COURT:  You said you did this in the Southern

15   District of New York.  Can you tell me more precisely where.

16         THE DEFENDANT:  South Jamaica, Queens.

17         THE COURT:  South Jamaica, Queens is in the Eastern

18   District of New York.  Did you have customers that were in

19   either Manhattan or the Bronx or did you travel through

20   Manhattan or the Bronx to get cocaine?

21         THE DEFENDANT:  No.  I was in South Jamaica.

22         THE COURT:  You were solely operating in Queens?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Mr. Pellegrino, you want to tell me how

25   there is venue.

 1            MR. PELLEGRINO:  Yes, your Honor.  The government

 2   would proffer that other individuals in the conspiracy traveled

 3   through the Southern District of New York to obtain crack

 4   cocaine and, in addition, there were crack cocaine sales in the

 5   Bronx that were reasonably foreseeable to the defendant.

 6            THE COURT:  Mr. Wells, when you agreed to sell crack,

 7   did you know that what you were doing was wrong and against the

 8   law?

 9            THE DEFENDANT:  Yes.

10            THE COURT:  Did anybody threaten or coerce or force

11   you to agree to sell crack cocaine?

12            THE DEFENDANT:  No.

13            THE COURT:  Does either attorney want me to make

14   further inquiry?

15            MR. PELLEGRINO:  No.  Thank you, your Honor.

16            MR. HENRY:  No.  Thank you, your Honor.

17            THE COURT:  Mr. Henry, do you know of any valid

18   defense that would prevail at trial or any reason why your

19   client should not be permitted to plead guilty?

20            MR. HENRY:  No, your Honor.

21            THE COURT:  Do you believe there is an adequate

22   factual basis to support the plea?

23            MR. HENRY:  I do, your Honor.

24            THE COURT:  Mr. Pellegrino, do you believe there is an

25   adequate factual basis to support the plea?

 1                 MR. PELLEGRINO:  Yes, your Honor.

 2                 THE COURT:  Mr. Wells, how do you plead to the

 3     lesser-included offense of Count One, guilty or not guilty?

 4                 THE DEFENDANT:  Guilty.

 5                 THE COURT:  Are you pleading guilty voluntarily and of

 6     your own free will?

 7                 THE DEFENDANT:  Yes.

 8                 THE COURT:  The indictment that you are charged with,

 9     Mr. Wells, includes a forfeiture allegation.  Pursuant to that

10     allegation, the government alleges that you are required to

11     forfeit to the government the proceeds of the drug conspiracy

12     and any property that was used in any way to facilitate or

13     further the drug conspiracy.

14                 Do you agree to forfeit such property to the

15     government?

16                 THE DEFENDANT:  Yes.

17                 THE COURT:  I find that there is an adequate factual

18     basis for the plea, that Mr. Wells understands the rights that

19     he is giving up and is waiving those rights knowingly and

20     voluntarily.  I find Mr. Wells understands the consequences of

21     his plea, including the potential sentence that may be imposed,

22     and has agreed to forfeit the proceeds of the crime and

23     property that was used to commit or facilitate the crime.

24                 Because I find that the defendant's plea is entered

25     knowingly and voluntarily and is supported by an independent

1    factual basis for each and every element of the crime charged,

2    I accept his guilty plea.

3              I direct that a presentence investigation be conducted

4    by the probation office and that a presentence report be

5    prepared.

6              Mr. Wells, you are going to be interviewed by the

7    probation office as part of the presentence investigation

8    process.  You can and you should have your attorney with you

9    for that interview.  If you decide to talk to the probation

10   officer, it's important that what you tell probation is

11   truthful and complete.  The report that they prepare is very

12   important to me in determining what an appropriate sentence is

13   in your case, so it's important that I have complete

14   information concerning you.

15             The probation department will prepare a draft report

16   which they will provide to Mr. Henry.  Mr. Henry will provide

17   it to you.  Please read it carefully.  If anything in it isn't

18   correct, make sure that you tell Mr. Henry so he can tell

19   probation so the report can be corrected before I see it.  Both

20   you and your attorney will have an opportunity to speak on your

21   behalf at the time of sentencing.

22             Mr. Henry, can you please schedule his interview in

23   the next two weeks.

24             Mr. Pellegrino, can the government please provide a

25   statement of the government's case to probation within the next

1    two weeks.

2              Do we have a sentencing date?

3              THE DEPUTY CLERK:  Yes.  February 21 at 2 p.m.

4    Submissions due February 7.

5              THE COURT:  What's the story with bail?

6              MR. PELLEGRINO:  The government seeks remand, your

7    Honor.

8              THE COURT:  Mr. Henry.

9              MR. HENRY:  Your Honor, we would ask that Mr. Wells be

10   allowed to remain out on bail.  I recognize that this is a

11   mandatory detention case due to the nature of the charges.

12   Under 3145, the Court has discretion in certain instances to

13   allow a person to remain out on bail.

14             Mr. Wells has been out on bail during this case.  The

15   Court granted that request in opposition to the government.

16   But since that time he has done a remarkable job.  He has had

17   no run-ins with pretrial.

18             I spoke to Mr. Rothman yesterday, and Mr. Wells has

19   spoken with him also, the pretrial officer, about the

20   electronic monitoring.  He is under home detention.  But he is

21   working.  He went out and got a job as a maintenance person at

22   a local McDonald's, where he has been working during the time

23   that he has been out.

24             And during that time he has also been living with his

25   mother.  His mother was able to make it today, sitting there.

1    But his mother is elderly and she does have some health

2    problems, and Mr. Wells assists her when he is home with doing

3    household things and getting her to the doctor and doing the

4    other kinds of activities that she needs some help with.

5    Mr. Wells is the only person that lives with her.  His brother,

6    her other son, lives upstairs in the same building, but, as

7    came out in the bail hearing, he lives with a long-term

8    girlfriend.

9        Mr. Wells would appreciate the opportunity to stay out

10   to continue to assist his mother, to help pay the bills through

11   the job that he has been able to procure and then come to

12   sentencing, and there is no doubt that he would do that.  He

13   has been here faithfully every time and followed pretrial's

14   conditions and rules without fail.

15       THE COURT:  Mr. Pellegrino.

16       MR. PELLEGRINO:  Your Honor, those items are none of

17   the items that typically qualify for special circumstances

18   under the case law in this circuit.  The government believes

19   that remand is still appropriate.

20       THE COURT:  Mr. Henry and Mr. Wells, I'm sorry.  That

21   just doesn't satisfy the statutory requirement.  I don't agree

22   with the statute.  I don't think it's ill-advised.  I think

23   Congress made a mistake in passing it, but my hands are tied.

24   That's not sort of the special circumstances that the statute

25   anticipates.

1          Mr. Wells, I'm sorry.  At this point your bail is

2   revoked and you're remanded.

3          MR. HENRY:  May I point out, your Honor, I don't know

4   if this makes a difference or not, but shortly before I came

5   into court we learned that MCC's heat is out.  So he will go

6   probably immediately to the MCC where they have --

7          THE COURT:  I'm sure they will get the heat back.

8   They also have cold weather gear, we have been told.

9          Again, I'm sorry.  My hands are tied on this.

10          I'll see you all in February.

11          (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25