**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/30/2020_

November 03, 2020

Perry Wells
Reg. No. 86769-054
FCIL Beaumont
P.O. Box 26020
Beaumont, TX 77720

United States District Court
Southern District of New York
500 Pearl St., Room 120
New York, NY 10007-1312

RE: <u>MOTION FOR RECONSIDERATION AND REQUEST TO SEAL PORTION OF</u>
<u>RECORD</u>

Dear Clerk of Court:

Greetings.  Enclosed you will find my motion seeking leave to
file a motion seeking reconsideration.  I am requesting for
<u>Exhibits C</u> and <u>D</u> to be sealed due to both including personal
identificating information included therein.

In accordance with Local Rule 9018-1 ["Filing Under Seal"], I
am requesting for the above exhibits to be placed under seal.  I
ask for only the Court to have access at this time, and any other
party the Court feels should be included.  I also acknowledge:

THE ORIGINAL SEALED DOCUMENT FILED WITH THE CLERK MAY BE
DESTROYED SIXTY (60) DAYS FOLLOWING DISPOSITION OF THE
CASE/ADVERSARY PROCEEDING, UNLESS THE ORIGINAL FILER
REQUESTS ITS RETURN IN WRITING.

The principle party of whom I fear reprise is that of the
Bureau of Prisons.  Please ensure this stays out of the hands of
the current administration of this institution.

Respectfully Submitted,

Perry Wells, pro se

CC: File

E·X·H·I·B·I·T  C

The Diagnostic and Statistical Manual of Mental Disorders includes the categorization of Substance-Related and Addictive Disorders. [see DSM-V, pg.481].  Ten seperate classes of drugs comprise this sub-system, as well as it "also includes gambling disorder, reflecting evidence that gambling behaviors activate reward systems similar to those activated by drugs of abuse...." [id.].  Other "behavioral addictions" are not included.

The Manual goes on to define a substance use disorder as "a cluster of cognitive, behavioral, and physiological symptoms indicating that the individual continues using the substance despite significant substance-related problems." [id., pg.483]. It further reminds:

> An important characteristic of substance use disorders is an underlying change in brain cir- cuits that may persist beyond detoxification, particularly in individuals with severe disor- ders.

> [id.].

For purposes of this summary, lastly, it advises:

> The behavioral effects of these brain changes may be exhibited in the repeated relapses and intense drug craving when the individuals are exposed to drug-related stimuli.

> [id.].

· · · · ·

During sentencing on February 11, 2020, the following was exchanged between Well's counsel and the Court:

> [Wells] tested negative in pretrial drug testing so, I mean, as you know, I am not shy about ordering drug treatment, but with all due re- spects, he actually presents as someone who that's not his problem...

> Yes, he drinks some and yes, he smokes pot some, but he's not a drug addict in the sense that he's not--

> [Sent. Tr., Pg.14, ln.21-25].

[H]e's not buying crack and selling crack to
feed his habit to do more crack.

[id., Pg.15, ln.2-3].

. . . . .

    Perry Wells was improperly undiagnosed during sentencing
and subjected to such with a non-scientific instrument.   Namely,
the authoritative criteria of the Diagnostic and Statistical
Manual of Mental Disorders V ("DSM-V") was not consulted in deter-
mining that Wells did not need substance abuse treatment.

    As specified, and as previously demonstrated, Wells turned
to selling drugs as a means of necessity at age fifteen (15) when
he had to "fend for himself." [see PreSentence Report "PSR" at
¶ 92].   He has previously been treated for substance abuse issues,
as indicated in the PSR:

        ...participated in substance abuse treatment
        while incarcerated in New York state between
        2004 and 2006.

        [PSR at ¶ 113].

        Enrolled in outpatient treatment at J-CAP in
        Queens, New York, for approximately six (6)
        months after his release in 2006 while under
        supervision of parole...successfully completed.

        [id. at ¶ 113].

    In light of his glaring history of substance abuse and asso-
ciated treatment, Wells continues to meet the diagnostic criteria
for addiction.   He cannot obtain treatment, however, due to this
Court's refusal for referral.   He moves the Court to reconsider
that denial.

E·X·H·I·B·I·T  D

OCTOBER 18, 2020

HONORABLE JUDGE CAPRIONI.

I am PERRY WELLS MOTHER, 74 yrs old born on Dec. 18, 1946

[redacted]

FROM MY OBSERVATION of correspondiNG with my son, He seems to be dealing with his situation as best He caN. inspite of his living conditioNs iN Texas. He has beeN without electricity; No visits from myself or his childreN. Also No programmiNG while there.

If he's granted the compassionate release, he will reside with me iN my home

[redacted]

I live aLoNe. and I will take full financial responsibility for his well being.

Sincerely,
Rose A WELLS

RE: Home phone #

[redacted]

E·X·H·I·B·I·T   D

TRANSCRIPTION:

October 18, 2020

Honorable Judge Caprioni:

I am Perry Wells mother, 74 years old, born on Dec. 18, 1946.
█████████████████████████████████████████████████████████

From my observation of corresponding with my son, he seems to be
dealing with his situation as best he can, inspite of his living
conditions in Texas.  He has been without electricity, no visits
from myself of his children.  Also no programming while there.

If he's granted the compassionate release, he will reside with me
in my home: █████████████████████████████████████████

I live alone and I will take full financial responsibility for
his well being.


                              Sincerely,


                              Rose A. Wells


RE: Home phone #
    ██████████████████

---

Mr. Wells' motion to file these exhibits under seal is hereby DENIED.  Mr. Wells' history of drug use was discussed in open court throughout his criminal proceedings.  Therefore, there is no reason to seal the exhibit pertaining to addiction.  The Court recognizes that the letter from Mr. Wells' mother contains sensitive medical information as well as her personal identifying information (address and phone number).  The Court agrees that this information should be sealed and has accordingly redacted it.

The Court's opinion on Mr. Wells' motion for reconsideration of the Court's compassionate release decision will be filed under separate order.

The Clerk of Court is respectfully directed to mail a copy of this endorsement to Mr. Wells at Perry Wells, Reg. No. 86769-054, FCI Beaumont Low, Federal Correctional Institution, P.O. Box 26020, Beaumont, Texas 77720 and to note the mailing on the docket.

 SO ORDERED.

*Valerie Caproni*                Date: November 30, 2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE