USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA,                :
                                         :   19-CR-212-2 (VEC)
           -against-                     :
                                         :   ORDER
PERRY WELLS,                             :
                                         :
                        Defendant.       :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 7, 2020, Mr. Perry Wells moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing his asthma and hypertension and his designation by the Bureau of Prisons as a "high risk" detainee given the COVID-19 pandemic, Dkt. 186;

WHEREAS the Government opposed compassionate release on grounds of lack of exhaustion and on the merits, Dkt. 194;

WHEREAS the exhaustion requirement was then met as more than 30 days had elapsed from Mr. Wells' initial request for relief from the Bureau of Prisons ("BOP"), Dkt. 186-2, *see* 18 U.S.C. § 3582(c)(1)(A);

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020);

WHEREAS on July 10, 2020, the Court denied Mr. Wells' motion for compassionate release, Dkt. 217;

WHEREAS the Court's decision recognized that Mr. Wells' underlying health conditions may constitute extraordinary and compelling reasons supporting a reduction in his sentence, but that early release would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), Dkt. 217;

WHEREAS on November 9, 2020, the Court received a Motion for Leave to File a Motion for Reconsideration of the denial of his compassionate release motion, Dkt. 272; and

WHEREAS Mr. Wells requested leave to file such a Motion as more than 14 days had passed since the Court denied his compassionate release motion in July, *see* Local Criminal Rule 49.1;

IT IS HEREBY ORDERED that Mr. Perry's Motion for Leave to File a Motion for Reconsideration is DENIED. Motions for reconsideration are not included in the Federal Rules of Criminal Procedure but are allowed as a matter of practice. *See, e.g.*, *United States v. Dieter*, 429 U.S. 6, 7–9 (1976); *United States v. Healy*, 276 U.S. 75, 77–79 (1964). Borrowing from the civil context, the legal standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). *See also* Local Criminal Rule 49.1 (requiring that a motion for reconsideration be accompanied by a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

In Mr. Perry's filing, he identifies the following items that he suggests the Court may have overlooked: 1) the substandard and unsafe conditions in his current prison, FCI Beaumont Low, including electricity outages; 2) the ongoing pandemic and the number of active cases at

FCI Beaumont Low; 3) the lack of rehabilitative programs at the prison, including no GED classes, due to the coronavirus pandemic, making it difficult for Mr. Wells to follow the Court's recommendation that he acquire a legitimate trade after a lifetime of drug dealing; 4) the mischaracterization in his PSR of his employment at McDonald's; 5) and his improper characterization as someone not afflicted by addiction.  *See* Motion, Dkt. 272 at 2–4.

As an initial matter, although the Court can sympathize with what Mr. Wells describes as difficult conditions at FCI Beaumont Low, conditions of confinement are not remedied through a motion for compassionate release.  Mr. Wells can take advantage of BOP administrative remedies available to address such issues.  If Mr. Wells believes that the BOP has not addressed such concerns, Mr. Wells can file a civil action to address the deprivation of his rights pursuant to 42 U.S.C. § 1983, if he believes the conditions of confinement are so grim as to rise to the level of a constitutional violation.  Any such actions must be filed in the district in which FCI Beaumont Low is located.

The Court's decision to deny Mr. Wells' original compassionate release application recognized that, given the ongoing coronavirus pandemic, Mr. Wells' health conditions may constitute extraordinary and compelling reasons supporting a reduction in his sentence.  Opinion, Dkt. 217 at 1.  But, nevertheless, the Court found that a reduction in sentence would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), given the seriousness of Mr. Wells' offense, his relatively high culpability within the nine-member conspiracy charged in this case, the need to convey to Mr. Wells the importance of acquiring a legitimate trade after a lifetime of drug dealing, and inasmuch as he had only served eight months of his 90-month sentence as of the date of the decision.  *Id.* at 2.

Not much has changed since the Court's decision was issued on July 10, 2020, and four of the five items identified by Mr. Wells are not relevant to the Court's reasoning. Mr. Wells' underlying offense remains serious, as does his relative culpability within the larger conspiracy. While more time has passed, Mr. Wells has still only served 12 months of his 90-month sentence, which comes out to only about 13.3%.

The Court recognizes that Mr. Wells' prospects for rehabilitation through acquiring a legitimate trade have been temporarily hampered by the prison's scaling back of programs due to the COVID-19 pandemic. But just as "rehabilitation of the defendant alone" is not enough to justify early release, 28 U.S.C. § 994(t); *see also Brooker*, 976 F.3d at 237–38, the unavailability of programming that would facilitate rehabilitation is also not justification for early release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court is confident that the prison will resume programming in the coming months.

Finally, the Court notes that Mr. Wells is free to file a new motion for compassionate release if the conditions underlying the Court's initial denial of the petition change. The Court reminds Mr. Wells that it can only grant such relief after the petitioner has requested compassionate release from BOP and BOP has denied the request or failed to take action on the request within 30 days. See 18 U.S.C. § 3582(c)(1)(A).

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 272. The Clerk is further directed to mail this Order to Perry Wells, Reg. No. 86769-054, FCI Beaumont Low, Federal Correctional Institution, P.O. Box 26020, Beaumont, Texas 77720, and to note the mailing on the docket.

**SO ORDERED.**

**Date:  December 3, 2020**
     **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**